WILKINS *v.* JESSUP.

*A.* sued *B.* on a promissory note for 200 dollars. Answer, that the note
was given as part consideration for two pieces of land (describing
them) which *C.*, acting as *A.*'s agent, had sold and conveyed to the de-
fendant by general warranty deed, for 500 dollars—representing *A.*'s
title to be perfect; that the defendant, confiding in *C.*'s statement, paid

300 dollars, and gave said note for the balance; but that at no time hitherto had *A.* had good title to one of the pieces of land, valued at said sale at 200 dollars. Demurrer to the answer sustained.

*Held,* that the defense to which the demurrer was sustained was pleaded as a total failure of consideration.

*Held,* also, that there could be no such failure unless there was a breach of some engagement in the deed.

*Held,* also, that the answer should have recited the covenants in the deed and alleged a breach.

Nov. Term,
**1856.**

WILKINS
v.
JESSUP.

APPEAL from the *Parke* Circuit Court.

DAVISON, J.—*Jessup* sued *Wilkins* on a promissory note for the payment of 200 dollars. The note is dated *April* the 10th, 1848, and was made payable at date.

*Friday,*
*December 5.*

The defendant answered the complaint. His answer states that the note sued on was given in part consideration for the west half of the south-west quarter of section 21, in township 17, range 7, also, the south-east quarter of the south-east quarter of section 20, in the same township and range—making in all, 120 acres; that on or about the 8th of *October,* 1847, one *Jabez Hunt,* acting as the plaintiff's agent, sold, and, by general warranty deed, conveyed to the defendant the above described lands for 500 dollars, and represented to him— he being ignorant of the fact—that the title to the lands was unincumbered, and that *Jessup,* the plaintiff, had good title to the same; and the defendant, confiding in *Hunt's* statement, paid *Jessup* 300 dollars on the lands, and excuted said note. It is averred that at no time hitherto has the plaintiff had the title to the said west half of the south-west quarter of section 21, in township 17 north, of range 7 west—forty acres; and that, at the sale as aforesaid, the tract last aforesaid was valued at 200 dollars.

The plaintiff demurred to this defense, and for cause assigned—1. No eviction is alleged; 2. The defense does not show who has title to the land; 3. Facts sufficient to bar the action are not stated.

The demurrer was sustained. And there being other issues, the cause was submitted to the Court, who found

for the plaintiff. And over a motion for a new trial, there was judgment, &c.

The defense, to which the demurrer was sustained, is pleaded as a total failure of consideration. When the plaintiff received the note, he executed a deed to the defendant. Now, there could be no such failure, unless there was a breach of some engagement in the deed. If it contained a covenant of seizin, and there was an entire want of title in the grantor, that covenant was broken as soon as the deed was executed, and such breach would have constituted a sufficient bar to the action; but of this there is no averment in the answer. It is not enough to aver that at no time hitherto has the plaintiff had title, unless it be also shown that by the deed he specifically covenanted that he was lawfully seized. For aught that appears, the plaintiff simply agreed to warrant against all lawful claims; and such being the case, the answer is defective because it does not allege an eviction. To make the pleading in question available, it should, in our opinion, have distinctly pointed out the covenants in the deed, and in proper form alleged a breach. The pleader having failed to do this, we think the demurrer was well taken.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*S. F. Maxwell*, for the appellant.